IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN MERCER, et al.,

      Plaintiff,    Case No. 3:04 CV 7258

 -vs-

              O R D E R

DUANE CLARK, et al.,

      Defendant.

KATZ, J.

  Plaintiff Steven Mercer has moved *in limine* to preclude reference to or admission of "information regarding re-injury to Mr. Mercer's neck or shoulder." (Doc. No. 41). Defendant opposes the motion. (Doc. No. 44). The motion is denied.

  Plaintiff claims the only evidence showing that his injuries are not the result of his original accident but are instead a "re-injury" is the typewritten portion of his Social Security benefit application. The application consists of handwritten and typewritten portions, the latter of which was prepared by an employee of the Social Security administration. Plaintiff himself completed the handwritten portion. The typewritten portion states, in pertinent part:

 Q: Why did you stop working?

 A: I reinjured myself and am unable to continue to work.

(Doc. No. 41, Ex. A., p. 2). Plaintiff seeks to exclude this evidence on the grounds that his handwritten answers do not mention a re-injury, but instead assert that his inability to continue working stems from his original injuries, and that his physician states that Plaintiff never mentioned a re-injury. Plaintiff argues that "the defendant should be prohibited from introducing any evidence regarding a re-injury to Mr. Mercer's neck or shoulder since such a claim is not supported by the evidence available." (Doc. No. 41, p. 4).

There is no provision in the Federal Rules of Evidence under which evidence may be excluded merely because it is scant or because the record contains evidence to the contrary. Indeed, the existence of a genuine issue of material fact is the reason a trial is being held in the first place. Rule 403 does provide that: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." However, as the Sixth Circuit has explained:

> Under the Rule 403 balancing process . . . probative value and unfair prejudice are distinct elements in the inquiry. To adopt the rule that . . . unfair prejudice can be found solely in the lack of probative value of the evidence--would distort the Rule 403 inquiry beyond recognition. . . . For example, equating unfair prejudice with the lack of probative value would likely result in the exclusion of much circumstantial evidence, which by its very nature is insufficient alone to prove the fact in issue.

*United States v. Schrock*, 855 F.2d 327, 335 & n.10 (6th Cir. 1988).

No unfair prejudice exists here:

> [C]ourts have routinely rejected the claim that a party was unfairly prejudiced under Rule 403 because the challenged evidence was contrary to his view of the facts. . . . "Unfair prejudice," as used in Rule 403, does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis.

*Id*. (internal citations and quotation omitted). If the evidence of re-injury is believed, its influence on the decision would not be improper. Indeed, such evidence would be relevant to Plaintiff's claim for damages, and therefore may not be excluded under Rule 402. Moreover, the statement in the Social Security application may be effectively challenged on cross-examination or through Plaintiff's testimony.

For the aforementioned reasons, Plaintiff's Motion in Limine (Doc. No. 41) is denied.

IT IS SO ORDERED.       .

                                             s/ *David A. Katz*
                                             DAVID A. KATZ
                                             SENIOR U. S. DISTRICT JUDGE